**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| Wesley Copeland,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>Williams, Rush & Associates LLC,<br><br>　　　　　　　Defendant. | Civil Action No.: 3:17-cv-263<br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Wesley Copeland, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Wesley Copeland ("Plaintiff"), is an adult individual residing in Mt Pleasant, South Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Williams, Rush & Associates LLC ("WRA"), is a Texas business entity with an address of 4144 N Central Expressway #945, Dallas, Texas, 75204, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.    The Debt**

5.    Plaintiff allegedly incurred a financial obligation (the "Debt") to Stevens School (the "Creditor").

6.    The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.    The Debt was purchased, assigned or transferred to WRA for collection, or WRA was employed by the Creditor to collect the Debt.

8.    Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.    WRA Engages in Harassment and Abusive Tactics**

9.    In or around September 2016, WRA began calling Plaintiff in an attempt to collect the Debt.

10.    WRA falsely told Plaintiff that it is an attorney's office and that it would revoke Plaintiff's professional driving license in South Carolina, where Plaintiff resides.

11.    WRA also threatened to get Plaintiff fired from his job if the Debt was not paid.

**C.    Plaintiff Suffered Actual Damages**

12.    Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

13.    As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

16. Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

17. Defendant's conduct violated 15 U.S.C. § 1692e(3) in that Defendant misled Plaintiff into believing that it was a law firm or an attorney's office.

18. Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect the Debt.

19. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

20. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

21. Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

4. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 27, 2017

                                            Respectfully submitted,

                                            By */s/ Jenny DeFrancisco*

                                            Jenny DeFrancisco, Esq.
                                            CT Bar # 432383
                                            LEMBERG LAW, L.L.C.
                                            43 Danbury Road, 3rd Floor
                                            Wilton, CT 06897
                                            Telephone: (203) 653-2250
                                            Facsimile:  (203) 653-3424
                                            E-mail: jdefrancisco@lemberglaw.com
                                            Attorneys for Plaintiff